UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JASON ALLAN SHEPPERD,<br><br>                  Petitioner,<br><br>v.<br><br>LAWRENCE WASDEN,<br><br>                  Respondent. | Case No. 1:11-cv-00604-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Previously in this habeas corpus matter, the Court conducted an initial review of Idaho state prisoner Jason Shepperd's Petition for Writ of Habeas Corpus. (Dkt. 7.) The Court concluded that it plainly appeared from the face of the Petition, and its attachments, that Petitioner was no longer in state custody for the misdemeanor convictions that he challenged in his Petition – unlawful entry and violating a "no contact" order – and, consequently, that the Court lacked jurisdiction to proceed under 28 U.S.C. § 2254. (*Id*. at 3.) The Court gave Petitioner an opportunity to show cause why the Petition should not be dismissed on that basis, and he has since filed a Motion to Proceed With Habeas Petition.[1] (Dkt. 8.)

In his response, Petitioner contends that he is now serving a prison sentence for the

---

[1] Petitioner is the only party appearing in this case, and he has consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 6.)

**MEMORANDUM DECISION AND ORDER - 1**

crime of stalking that was enhanced to a felony because "of the presence of the no contact order." (Dkt. 8.) In other words, though it is not entirely clear, it appears that Petitioner argues that the Court has the jurisdiction to reach his constitutional claims related at least to his earlier misdemeanor conviction for violating the no contact order because the no contact order provided the basis to increase his subsequent stalking conviction to a felony. The Court is not convinced.

As an initial matter, the United States Supreme Court has held that a state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). In reaching that conclusion, the Court recognized that a petitioner may be subject to the collateral consequences of a prior conviction, but he "suffers no present restraint from a conviction" and therefore is not "in custody" after fully serving his sentence. *Id*. at 492.

More to the point, the United States Supreme Court has already foreclosed an argument that a federal court has the power to entertain a challenge to a previous conviction that is used to enhance the punishment of a later conviction. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Court concluded that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."

**MEMORANDUM DECISION AND ORDER - 2**

*Id*. at 403. The Court went on to hold that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id*. at 403-04. An exception to this general rule exists only when the petitioner was not given his constitutional right to the assistance of counsel in the proceedings that led to the prior conviction. *Id*. at 404.

In this case, Petitioner had long since completed his misdemeanor sentences for violating a no contact order and unlawful entry when he filed his Petition challenging various aspects of those state court proceedings. He does not allege that he was deprived of the assistance of counsel, or that he had no opportunity to challenge his convictions in the state court system. Therefore, Petitioner cannot reach through the back door of his felony stalking conviction to re-examine the legality of his earlier convictions.

Accordingly, this Court reaffirms its view that it has no authority to take up Petitioner's claims in this federal habeas proceeding.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court must on its own initiative evaluate this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by

**MEMORANDUM DECISION AND ORDER - 3**

demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner cannot challenge his prior conviction or convictions used to enhance a punishment for a subsequent conviction in this habeas action. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Proceed With Habeas Petition (Dkt. 8) is DENIED.

2. The Petition is DISMISSED.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: **February 19, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge